IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

        v.                                        03-CR-131-C-01

ZACHARIAH L. SPITTEL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the revocation of Zachariah L. Spittel's supervised release was held in this case on February 27, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Robert Anderson. Defendant was present in person and by counsel, Terry W. Frederick. Also present was United States Probation Officer Michael D. Harper.

      From the record, I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on February 6, 2004, following his conviction for making a false statement, a Class D felony, in violation of 18

1

U.S.C. § 1001. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 24-month term of supervised release to follow. Defendant began his initial term of supervised release on June 7, 2006.

As a mandatory condition of supervised release, defendant was prohibited from committing another federal, state or local crime. On January 31, 2007, I revoked the term of supervised release after defendant was charged with theft of Vicodin from a residence and resisting arrest and fleeing from a police officer.

I sentenced defendant to serve a six-month term of imprisonment to be followed by a one-year term of supervised release. All standard and special conditions of supervised release were reimposed. I also added Special Condition No. 5, requiring defendant to reside in a federally contracted residential re-entry center for a period of 120 days and complete the treatment program at Rock Valley Community Programs.

On July 20, 2007, defendant began his second term of supervised release as a public law placement at Rock Valley Community Programs. On September 7, 2007, defendant was discharged from Rock Valley.

Defendant has stipulated that he violated Special Condition No. 5, which required him to successfully complete a 120-day placement at Rock Valley Community Programs. His conduct falls into the category of a Grade C violation, as defined by §7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing

2

such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant began his placement at Rock Valley Community Programs on July 20, 2007. Within eight days of this placement he received minor misconduct reports for belligerence, using profane language, failing to follow staff's instructions and not paying the cost of his subsistence as required.  He was removed as an unsuccessful placement on September 10, 2007, when he did not pay the required subsistence.

This is defendant's second term of supervised release.  He continues to be non-compliant with the conditions of his supervised release.  To hold defendant accountable, the one-year term of supervised release imposed on January 31, 2007, will be revoked.

Defendant's criminal history category is VI.  With a Grade C violation and a criminal history category of VI, defendant has a guideline imprisonment range of 8 to 14 months. The statutory maximum to which he can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years, if the offense for which he was sentenced previously was a Class D felony.  I previously revoked defendant's first term of supervised release and sentenced him to serve a six-month term of imprisonment.

3

Accordingly, the statutory maximum term of imprisonment that can be imposed is 18 months.

I have selected a sentence at the top of the guideline range to hold defendant accountable, reflect the seriousness of his violations of his release conditions and protect the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 14 months. I recommend that defendant serve the last 30 days of his confinement in a federally approved community corrections center, with work release privileges. No period of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 27th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge